IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERROL FULFORD-EL, #1514324　　　*
　　　Plaintiff
v.　　　　　　　　　　　　　　　　* CIVIL ACTION NO. WDQ-12-3531

MARTIN O'MALLEY　　　　　　　*
WARDEN OF BCDC
　　　Defendants.　　　　　　　　*
　　　　　　　　　　　　　　*****

MEMORANDUM

Plaintiff originally filed this civil rights complaint on November 29, 2012, seeking damages for alleged constitutional violations associated with his October 2012 assignment to disciplinary segregation while temporarily housed at the Baltimore City Detention Center ("BCDC"). (ECF No. 1). He claims that as of the filing date of his complaint, he had been placed in a rodent and bug infested cell with mold-encrusted, unstable walls on isolation confinement status for twenty-seven days, without outside recreation, legal telephone calls, visits or hot showers. (*Id.*).

Defendants, the Governor of the State of Maryland and former BCDC Warden Tuthill, filed a motion to dismiss or, in the alternative for summary judgment, which has been treated as a motion for summary judgment. (ECF Nos. 11 & 12). The record shows that plaintiff was served with notice of defendants' filing pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 13). As of the within signature date, no opposition response has been filed. The case is ready for consideration. Oral hearing is not required. *See* Local Rule 105.6. (D. Md. 2011). For reasons to follow, summary judgment shall be granted as to defendants.

The court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th

Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Fulford-el is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. R .Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Summary Judgment is governed by Fed. R.Civ. P. 56(a), which provides, in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In resolving the motion, the court should "view the evidence in the light most favorable to ...

the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). However, "[t]he party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Moreover, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

Defendants claim that plaintiff is not entitled to relief because he failed to exhaust his administrative remedies by grieving his conditions claims through the full grievance process provided for at BCDC. (ECF No. 12, Exs. 1-5). Further, they argue that the doctrine of respondeat superior does not apply in § 1983 actions. *See Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Plaintiff must therefore prove that Governor O'Malley and Warden Tuthill were personally involved in the alleged deprivations or that: (i) they had actual or constructive knowledge that staff was engaged in unconstitutional conduct; (ii) they tacitly authorized the conduct; and (iii) there was an affirmative causal link between their inaction and the injury suffered by plaintiff. *See Shaw v. Stroud*, 13 F.3d 191, 799 (4th Cir. 1994); *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

Defendants maintain that as there is no respondeat superior liability under 42 U.S.C. § 1983, they can only be held liable for their supervisory actions and plaintiff has failed to sufficiently assert such liability. Plaintiff does not refute this argument. The court finds that plaintiff fails to show,

much less allege, that the Governor or Warden Tuthill is liable in his personal or supervisory capacity.

For these reasons, a separate order shall be entered granting defendants' motion for summary judgment and entering judgment for the defendants.

Date: August __, 2013

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge